

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00455-CV

In the Interest of **V.O.M.** and A.K.E., Children

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2011-PA-02304
Honorable Charles E. Montemayor, Associate Judge Presiding

Opinion by:   Karen Angelini, Justice

Sitting:   Catherine Stone, Chief Justice
Karen Angelini, Justice
Sandee Bryan Marion, Justice

Delivered and Filed:  December 28, 2012

MOTION TO WITHDRAW GRANTED; AFFIRMED

Appellant father C.E. appeals the trial court's order terminating his parental rights as to his child, V.O.M. Appellant mother M.C.M. appeals the trial court's order terminating her parental rights to her children, V.O.M. and A.K.E.

V.O.M. and A.K.E. were living with C.E. and M.C.M. when they were removed from the home by the Texas Department of Family and Protective Services. C.E. and M.C.M. were each represented by counsel at trial; however, neither C.E. nor M.C.M. personally appeared at trial. Trial witnesses testified that (1) the children were repeatedly subjected to physical abuse by C.E.; (2) M.C.M. was aware of the physical abuse but failed to protect the children; and (3) the termination of parental rights would be in the children's best interest. Photographs of the children's injuries from the physical abuse were admitted into evidence.

**C.E.'S APPEAL**

C.E.'s appellate counsel has filed an *Anders* brief containing a professional evaluation of the record and demonstrating that there are no arguable grounds to be advanced. Counsel concludes that the appeal is without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967). *See In re R.R.*, No. 04–03–00096–CV, 2003 WL 21157944, at *4 (Tex. App—San Antonio 2003, order) (applying *Anders* procedure in appeal from termination of parental rights), *disp. on merits*, 2003 WL 22080522 (Tex. App.—San Antonio 2003, no pet.). Counsel provided C.E. with a copy of the brief. C.E. was informed of his right to review the record and advised of his right to file a pro se brief. C.E. has not filed a brief. C.E.'s counsel has also filed a motion to withdraw. After reviewing the record and counsel's brief, we agree that C.E.'s appeal is frivolous and without merit. Counsel's motion to withdraw is granted.

**M.C.M.'S APPEAL**

M.C.M.'s appellate counsel has filed a brief complaining M.C.M. was denied effective assistance of counsel because her court-appointed trial counsel was not present at trial. M.C.M.'s court-appointed trial counsel arranged for a colleague to stand in for him at a hearing in this case. Stand-in counsel appeared at the hearing and learned the case was set for trial six days later. Stand-in counsel then appeared on the day of trial, announced not ready, and asked for a continuance. The request for a continuance was denied. Stand-in trial counsel then participated in the trial.

To establish ineffective assistance of counsel in a parental termination case, a complaining parent must show by a preponderance of the evidence that (1) her counsel's performance was deficient, and (2) counsel's deficient performance prejudiced the defense. *In re M.S.*, 115 S.W.3d 534, 545 (Tex. 2003) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Here, M.C.M. does not direct us to any specific instance in which stand-in trial

counsel's conduct was deficient. Nor does M.C.M. show how stand-in trial counsel's conduct prejudiced her defense. To establish an ineffective assistance of counsel claim, M.C.M. was required to establish both elements of the ineffective assistance of counsel inquiry. *See id.* M.C.M. has failed to do so. We overrule her sole issue.

## CONCLUSION

The trial court's judgment is affirmed.

Karen Angelini, Justice